## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("Agreement") is made and entered into by and between JOSE COLOMBANI ("Colombani") and BALMORAL CONDOMINIUM ASSOCIATION, INC. ("Balmoral") (collectively "the Parties").

### RECITALS

**WHEREAS**, Colombani was employed by Balmoral from approximately July 2, 2007, through approximately June 8, 2018;

**WHEREAS**, Colombani, through his counsel, filed a Complaint against Balmoral in the United States District Court for the Southern District of Florida, Case No.: 1:18-cv-25267-UU ("FLSA Lawsuit") alleging violations of the Fair Labor Standards Act ("FLSA");

**WHEREAS**, Balmoral has denied, and continues to deny, all allegations of wrongdoing alleged in the FLSA Lawsuit; and

**WHEREAS**, Colombani and Balmoral have agreed to resolve amicably any and all disputes between them regarding Colombani's compensation from Balmoral and all claims by Colombani that were, or could have been, raised in the FLSA Lawsuit.

### AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, the Parties agree as follows:

1. **Resolution of Disputed Wages.** Without admitting any liability whatsoever, the Parties agree that Balmoral is making a payment to Colombani under this Agreement for the purposes of settling a genuine and *bona fide* dispute as to whether any overtime pay is due to Colombani and the amount of any overtime pay that may be due to Colombani. Colombani acknowledges that, with his receipt of the consideration provided for in this Agreement, he has been paid in excess of any and all wages that may have been due to him.

2. **Dismissal of FLSA Lawsuit.** Colombani agrees to resolve and dismiss the FLSA Lawsuit with prejudice and on the merits, with each party to bear his/its own costs and attorneys' fees except as provided herein. Colombani agrees that he will terminate the FLSA Lawsuit by execution, through his attorney, of a Stipulation of Dismissal with Prejudice. Colombani or his attorney will execute such further papers or documents as shall be necessary to secure dismissal of the FLSA Lawsuit with prejudice and on the merits. Colombani represents that other than the FLSA Lawsuit, he does not have any other lawsuits, claims, or charges pending against any of the Releasees. This Agreement is expressly conditioned and contingent on the dismissal with prejudice of the FLSA Lawsuit in its entirety. If the FLSA Lawsuit is not dismissed in its entirety within one hundred and twenty (120) days of the date this Agreement is fully executed, this Agreement shall become null and void. Colombani recognizes and agrees that this Agreement and the Stipulation of Dismissal of the FLSA Lawsuit will extinguish any and

all FLSA claims Colombani may have against the Releasees and will bar and preclude Colombani from asserting any further claims under the FLSA against the Releasees that have arisen up through the date of Colombani's execution of this Agreement.

3. **Release and Discharge of FLSA Claims by Colombani.** Colombani, on behalf of himself, his heirs, executors, administrators, and/or assigns, does hereby RELEASE AND FOREVER DISCHARGE Balmoral, its related entities, and its and their past and present Board Members, employees, managers, owners, residents, shareholders, investors, partners, or affiliated persons or companies, and its and their attorneys, vendors, insurers, and agents, in both their corporate and individual capacities (collectively the "Releasees"), of and from any and all claims under the Fair Labor Standards Act whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, which he or his heirs, executors, administrators, and assigns ever had or now have against each or any of the Releasees, including those brought, or which could have been brought, under the FLSA in the FLSA Lawsuit.

4. **Payments by Balmoral to Colombani.** In consideration for the undertakings of Colombani under this Agreement and his agreement to be legally bound by its terms, Balmoral agrees to provide the following:

    a. A check, payable to Jose Colombani, in the gross amount of Seven Hundred Seventy-Six Dollars and Twenty-Five Cents ($776.25), minus applicable wage-related taxes and withholdings, to be reported on an IRS Form W-2 and any other required federal, state and/or local tax reporting forms; and

    b. A check, payable to Levy & Levy PA Trust in the amount of Four Thousand Dollars and Zero Cents ($4,000.00), representing attorneys' fees and costs, to be reported to both Colombani and Law Offices of Levy & Levy, P.A. on IRS Form 1099s and any other required federal, state and/or local tax reporting forms.

    Payments under this Paragraph will be made within thirty (30) days after the later of: (1) the dismissal of the FLSA Lawsuit by the Court; (2) the full execution of this Agreement by the Parties and the Stipulation of Dismissal of this FLSA Lawsuit; or (3) receipt by Balmoral of any tax forms signed by Colombani or his counsel needed by Balmoral to process the payments.

5. **Taxes.** Colombani and his counsel accept responsibility for the payment of any and all of their share of income or other taxes related to the payments made to them ("Tax Liability"). If any governmental taxing authority or court of competent jurisdiction ultimately determines that these payments were improperly classified, Colombani and his counsel each agree that each shall be solely liable for the payment of any tax, tax deficiency, penalty, and/or interest charged with respect to their respective failure to pay the Tax Liability and will indemnify, defend and hold Balmoral harmless with respect to their respective Tax Liability or any proceeding in which their respective Tax Liability is sought. Colombani has had the opportunity to obtain advice from a tax professional, and Balmoral makes no representation as to the taxability of the consideration provided under this Agreement.

6. **Non-Admission of Liability.** This Agreement shall not in any way be construed as an admission by Balmoral or the Releasees that they have acted wrongfully with respect to Colombani or any other person, and Balmoral specifically denies any liability under the FLSA and denies any wrongful acts against Colombani or any other person, on the part of itself or the Releasees. Neither this Agreement nor its terms shall be construed to be, or shall be admissible in any proceeding as evidence of or an admission by Balmoral of any violation of law, breach of duty, or any other wrongdoing by Balmoral or the Releasees.

7. **Successors and Assigns.** It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors and assigns.

8. **Drafting.** The Parties agree that this Agreement shall be construed as though the Parties participated equally in the preparation and drafting of this Agreement.

9. **Execution of Additional Documents.** The Parties agree to execute such other, further, and different documents as reasonably may be required to effectuate this Agreement and dismissal of the FLSA Lawsuit with prejudice.

10. **Consultation with Counsel.** The Parties acknowledge and agree that this settlement over a legally and factually disputed claim was negotiated at "arm's length" and with the advice of counsel. The Parties acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution of this Agreement, and that they have in fact done so. Colombani acknowledges that he has consulted with his counsel of record in the FLSA Lawsuit, and has been specifically advised by counsel of the meaning and consequences of the Agreement.

11. **Headings.** The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

12. **Integration.** This Agreement constitutes the entire agreement between the Parties with respect to Colombani's FLSA claims and the dismissal of the FLSA Lawsuit with prejudice. This Agreement supersedes all prior negotiations and agreements, whether written or oral, relating to the subject matter of the FLSA Lawsuit and this Agreement. The Parties acknowledge that neither they, the Releasees, nor their agents or attorneys have made any promise, representation or warranty whatsoever regarding Colombani's FLSA claims, either express or implied, written or oral, other than the express written representations herein. The Parties agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by the Parties.

13. **Severability.** In the event that any provision in this Agreement (with the exception of Paragraphs 2 or 3) is determined to be legally invalid or unenforceable by any court of competent jurisdiction, then this Agreement will be modified to the minimum extent necessary to become valid and enforceable. If this Agreement cannot be modified to become valid and enforceable, the affected provision shall be stricken from the Agreement, and the remaining terms of the Agreement and its enforceability shall remain

unaffected. In the event that any provisions in Paragraphs 2 or 3 are determined to be legally invalid or unenforceable by any court of competent jurisdiction, this Agreement shall be voidable at Balmoral's sole discretion.

14. **Non-Assignment of Claims.** Colombani represents that he has not assigned or transferred, or purported to assign or transfer, any claim released herein or any portion thereof to any person or entity, and agrees to indemnify, defend and hold Balmoral and the Releasees harmless from and against any and all claims based upon or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims or any portion thereof or interest therein.

15. **Authority to Enter Into Agreement.** Each party to this Agreement represents and warrants that, as of the date of the execution of this Agreement, each has the right and authority to execute this Agreement.

16. **Knowing and Voluntary Agreement.** Colombani hereby certifies and acknowledges that:

    a. he has read the terms of this Agreement, and that he understands its terms and effects, including the fact that he has agreed to RELEASE AND FOREVER DISCHARGE the Releasees from any claims identified in Paragraphs 3 of this Agreement;

    b. he has signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which he acknowledges is adequate and satisfactory to him;

    c. the payments, benefits, promises and undertakings performed, and to be performed by Balmoral, as set forth herein are fair and adequate consideration for the release and other promises and obligations of Colombani set forth in this Agreement;

    d. he has been advised to consult with an attorney prior to signing this Agreement; and

    e. he has consulted with his attorney of record in the FLSA Lawsuit prior to signing this Agreement.

[Signatures on following page]

**IN WITNESS WHEREOF**, the Parties have executed this FLSA Settlement Agreement and Release on the dates indicated below.

DATED: 2-15-19        _____
                      JOSE COLOMBANI

DATED: 2-25-19        BALMORAL CONDOMINIUM ASSOCIATION, INC.

                      By: _____
                      Title: President

DB1/ 101619482.5